UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHELE GUIDRY                                        CIVIL ACTION

versus

AMANDA GUIDRY, ET AL.                          22-669-SDD-EWD

## RULING

This matter comes before the Court *sua sponte* to address the Court's jurisdiction over the remaining claims in this action filed by Plaintiff, Michele Guidry ("Plaintiff").

I. **BACKGROUND AND PROCEDURAL FACTS**

An extensive background on the facts and procedural history in this matter is set forth in the Court's Ruling on August 1, 2024.[1] The Court adopts this history herein. In short, the Court addressed the motions to dismiss filed by Defendants, Amanda Guidry, Jami Guidry, Sheriff Sid Gautreaux, and Dr. William Clark.[2] The Court denied as moot motions filed by Sheriff Gautreaux and Dr. Clark.[3] The Court granted in part and denied in part motions to dismiss filed by Amanda and Jami Guidry (the "Guidry Defendants").[4] Plaintiff's 42 U.S.C. 1983 Fourth and Sixth Amendment claims against the Guidry Defendants were dismissed with prejudice.[5] Plaintiff's 42 U.S.C 1983 Fourteenth Amendment claim as well as her claims of federal conspiracy, state law conspiracy, assault, battery, false arrest and false detention, negligent infliction of emotional distress, and abuse of rights were also dismissed, but without prejudice.[6] The Court gave Plaintiff

---

[1] Rec. Doc. 88.
[2] *Id*.
[3] *Id*.
[4] *Id*.
[5] *Id*.
[6] *Id*.

twenty-one (21) days to amend her Complaint in regards to the claims that were dismissed without prejudice.[7]

Plaintiff failed to meet the deadline to amend her Complaint. Accordingly, her only remaining claims are the intentional infliction of emotion distress claim against Lorretta Verrett,[8] the state law claim against Dr. Clark alleging violations under Louisiana Revised Statute 28:53.2,[9] and the defamation, abuse of process, intentional infliction of emotional distress, and right to privacy state law claims against the Guidry Defendants. Further, in Paragraph 62 of the Amended Complaint, Plaintiff alleges a number of state law claims against the "named defendants."[10] These allegations are generalized and lack specificity. Nevertheless, because only the Guidry Defendants moved to dismiss these state law claims, these claims remain against Dr. Clark and Lorretta Verrett.[11]

---

[7] *Id*.

[8] Count I of the Amended Complaint addresses Plaintiff's allegations against the Guidry Defendants and Lorretta Verrett. She alleges, "Lor[r]etta, Jami Guidry and Amanda Guidry are liable individually, jointly and in solido for the intentional infliction of emotional distress upon [Plaintiff], by conspiring to have [Plaintiff] 'committed' by the Coroner." Rec. Doc. 60, p. 6, ¶29. The Court found that Plaintiff failed to allege facts sufficient to state claims of federal and state law conspiracy. Rec. Doc. 88, pp. 16–18. Plaintiff failed to amend her Complaint with respect to her federal and state law conspiracy claims. Accordingly, this failure renders the conspiracy claims against Defendant Verrett dismissed with prejudice in addition to the Guidry Defendants.

[9] Count II of the Amended Complaint addresses Plaintiff's allegations against Dr. Clark, the Coroner for the East Baton Rouge Parish. Rec. Doc. 60, pp. 8–10. Plaintiff's Amended Complaint does not allege Dr. Clark conspired with the Guidry Defendants nor Verrett. Dr. Clark filed a Motion to Dismiss Plaintiff's Original Complaint, but the Court denied this motion as moot because Plaintiff filed the Amended Complaint. Rec. Docs. 29 and 88. However, Plaintiff filed an Opposition to Dr. Clark's Motion to Dismiss after she amended her Complaint. Rec. Doc. 82. In her Opposition, she addresses her federal and state law conspiracy claims and states that the "facts show that these two defendants conspired to abuse the legal system to cause severe emotional distress to Plaintiff." *Id* at p. 17. Here, Plaintiff is referring to the Guidry Defendants. *Id at* pp. 16–17. Accordingly, it is unclear whether her Opposition attempts to show she established a conspiracy claim against Dr. Clark in addition to the Guidry Defendants. Regardless, for the sake of clarity, the Court found that her Amended Complaint failed to allege facts sufficient to state claims of federal and state law conspiracy and Plaintiff did not amend her Complaint to resolve any deficiencies. Rec. Doc. 88, pp. 16–18. Accordingly, to the extent Plaintiff seeks conspiracy claims against Dr. Clark, they are dismissed with prejudice.

[10] Rec. Doc. 60, p. 13, ¶62.

[11] Sheriff Gautreaux and the three unknown East Baton Rouge Parish Sheriff's Office deputies were dismissed from this action on May 24, 2024. Rec. Doc. 87.

## II.  LAW AND ANALYSIS

A district court may decline to exercise supplemental jurisdiction over state law claims if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction, in exceptional circumstances.[12] These factors must be considered on a case-by-case basis, and no single factor is dispositive.[13] Generally, a district court "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute."[14] In addition to the factors set out in § 1367(a), the court should consider judicial economy, convenience, fairness, and comity, and especially whether the court has invested a significant amount of resources in the litigation.[15] These considerations include whether extensive or substantive motions have been filed and/or ruled on, whether a scheduling order has been issued, whether hearings have been held, the relative convenience of the relevant state and federal courthouses, and whether it will prejudice either party to have the state law claims heard in state court.[16]

While this Court has the authority and discretion to hear Plaintiff's state law claims the United States Supreme Court's decision in *United Mine Workers of America v. Gibbs*, instructs that "[n]eedless decisions of state law should be avoided both as a matter of

---

[12] 28 U.S.C. § 1367(c).
[13] *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*, 373 F. App'x 438, 442 (5th Cir. 2010).
[14] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).
[15] *Id*.
[16] *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 749 (5th Cir. 2014).

comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."[17]

The Court finds that the factors weigh against exercising jurisdiction over Plaintiff's remaining state law claims. The scheduling order was vacated in September 2023 and discovery has been stayed since September 2023.[18] Consequently, this case is still at the pleading stage and has not meaningfully advanced to discovery. And while the Court previously issued a ruling on Defendants' motions to dismiss, the Court has not invested a significant amount of resources into this litigation. Further, interests of comity that dictate Louisiana's interest in this case are greater than that of the federal judiciary now that no federal claims remain. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, and they are dismissed without prejudice.

## III. CONCLUSION

For the aforementioned reasons, all of Plaintiff's remaining claims are **DISMISSED without prejudice**. This dismissal is **STAYED** for thirty (30) days from the date of this Ruling in order to provide Plaintiff's counsel time to file her claims in state court.

---

[17] 383 U.S. 715, 726 (1966); see also *W.R. Grace & Co. v. Continental Cas. Co.,* 896 F.2d 865, 871 (5th Cir. 1990) ("Gibbs teaches that federal courts must refrain from unnecessary poaching upon a sovereign state's jurisprudential turf.").
[18] Rec. Doc. 58.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on this __18th__ day of September, 2024.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**